UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JAMES SLOVER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KILOKO KIJAKAZI, Acting Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | Case No.  1:21-cv-01089-ADA-BAM<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Docs. 22, 24)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**INTRODUCTION**

Plaintiff Daniel James Slover ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income under Title XVI of the Social Security Act.  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe, for issuance of findings and recommendations.

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit.

1

Having considered the briefing and record in this matter, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole or based upon proper legal standards. Accordingly, this Court will recommend granting Plaintiff's motion for summary judgment, granting Plaintiff's appeal, and reversing the agency's determination to deny benefits.

## FACTS AND PRIOR PROCEEDINGS

Plaintiff filed an application for supplemental security income on November 1, 2013. AR 197-205, 208.[2] Plaintiff alleged that he became disabled on January 1, 2010, due to paranoid schizophrenia, depression, bipolar disorder, lower degenerative lumbar disease, arthritis, high blood pressure, and stomach problems. AR 222. Plaintiff's application was denied initially and on reconsideration. AR 133-36, 142-46. Subsequently, Plaintiff requested a hearing before an ALJ. Following a hearing, the ALJ issued an unfavorable decision concluding that there were a significant number of jobs in the national economy that Plaintiff could perform. AR 10-24, 29-58. Thereafter, Plaintiff sought review of the decision, which the Appeals Council denied. AR 1-5. Plaintiff then appealed his claim to the federal district court, which remanded the matter for further proceedings. AR 800-810, 830.

On August 28, 2019, Plaintiff appeared and testified at a new hearing. AR 704-736. On October 4, 2019, ALJ Scot Septer issued a written decision denying Plaintiff's disability claim. AR 665-93. Thereafter, Plaintiff sought review of the decision, which the Appeals Counsel denied. AR 655-58. This appeal followed.

### Hearing Testimony and Medical Record

The relevant hearing testimony and medical record were reviewed by the Court and will be referenced below as necessary to this Court's decision.

///

///

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 668-93. Specifically, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 23, 2013. AR 670. The ALJ identified the following severe impairments: degenerative disc disease of the lumbar spine, obesity, schizophrenia, anxiety, and depression. AR 617. The ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments. AR 671-72.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work. Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently, could stand and walk for six hours in an eight-hour workday, and could sit for six hours in an eight-hour workday. He could occasionally climb ramps and stairs, ladders, ropes, and scaffolds, and he could occasionally balance, crawl, crouch, kneel, and stoop. He could perform jobs of a non-complex nature, requiring the performance of no more than simple, routine tasks. He could maintain occasional contact with supervisors and co-workers, but should have no contact with members of the general public. He would require the use of a cane for ambulation in excess of 100 feet. AR 672-92. Plaintiff did not have any past relevant work, but with this RFC, the ALJ determined that there were jobs existing in the national economy that Plaintiff could perform, such as packer, sewing machine operator, and electronic worker. The ALJ therefore concluded that Plaintiff had not been under a disability since September 23, 2013. AR 692-93.

**SCOPE OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be

considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

## DISCUSSION[3]

### A. RFC

Plaintiff asserts that the mental and physical RFC assessments are not supported by substantial evidence of record.

An RFC "is the most [one] can still do despite [his or her] limitations" and it is "based on all the relevant evidence in [one's] case record," rather than a single medical opinion or piece of evidence. 20 C.F.R. § 416.945(a)(1) ("We will assess your residual functional capacity based on all of the relevant medical in your case record."). Indeed, "[t]he RFC need not mirror a particular opinion; it

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

is an assessment formulated by the ALJ based on all relevant evidence." *Ashlock v. Kijakazi*, No. 1:21-CV-01687-GSA, 2022 WL 2307594, at *3 (E.D. Cal. June 27, 2022). "In making the RFC determination, the ALJ considers those limitations for which there is record support that does not depend on properly rejected evidence and subjective complaints*.*" *Karl v. Kijakazi*, No. 1:21-cv-01576-SKO, 2023 WL 3794334, at *4 (E.D. Cal. June 1, 2023) (citing *Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). A reviewing court "will affirm the ALJ's determination of [a claimant's] RFC if the ALJ applied the proper legal standard and [the] decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Mental RFC

Plaintiff contends that the ALJ's RFC failed to account for certain moderate limitations assessed by the consultative examiners, Pauline Bonilla, Psy.D. and Megan Stafford, Psy.D. (Doc. 22 at p. 14.)

According to the record, Dr. Bonilla completed a consultative mental health evaluation on July 7, 2018. AR 1268-73. Dr. Bonilla identified mild impairments in Plaintiff's ability to perform simple and repetitive tasks, accept instructions from a supervisor, sustain an ordinary routine without special supervision, maintain regular attendance in the workplace, and complete a normal workday/workweek without interruptions from a psychiatric condition. AR 1272-73. Dr. Bonilla identified moderate impairments in Plaintiff's ability to perform detailed and complex tasks, to interact with coworkers and the public, and to deal with stress and changes encountered in the workplace. AR 1273.

Dr. Stafford completed a consultative mental evaluation on April 9, 2019. AR 1732-36. Dr. Stafford opined that Plaintiff's ability to perform simple and repetitive tasks was unimpaired and his ability to perform work activities on a consistent basis without special or additional instructions also was unimpaired. Dr. Stafford identified mild impairments in the ability to perform detailed and complex tasks and in the ability to maintain regular attendance in the workplace. Additionally, Dr. Stafford identified moderate impairments in the following abilities: (1) to accept instructions from supervisors due to paranoid delusions, internal preoccupation, mood lability, low frustration tolerance, and limited coping skills, (2) to interact with co-workers, supervisors, and the public due to mood lability, paranoid delusions, auditory and visual hallucinations, low frustration tolerance, and difficulty

in unknown social situations, (3) to complete a normal workday without interruptions from a psychiatric condition due to his mood lability, symptoms of psychosis, and low frustration tolerance, and (4) to deal with the usual stress encountered in the workplace due to mood lability, paranoid delusions, internal preoccupation, low frustration tolerance, and limited coping skills. AR 1736.

The ALJ afforded the 2018 opinion of Dr. Bonilla significant weight, finding it consistent with the overall record and helpful in crafting the RFC. AR 690. The ALJ also afforded significant weight to the 2019 opinion of Dr. Stafford because it was based on an examination of Plaintiff and was "consistent with the longitudinal record suggesting persistent issues with hallucinations, which would affect the claimant in respect to his ability to persist and withstand stress in the workplace, and to maintain social function with co-workers." AR 690.

Plaintiff contends that while the ALJ afforded significant weight to the opinions of Dr. Bonilla and Dr. Stafford, he failed to account for their opined moderate limitations in Plaintiff's "ability to tolerate stress and changes of the average workplace; his ability to complete a normal workday without interruptions from a psychiatric condition; his ability to accept instructions from supervisors due to paranoid delusions, internal preoccupation, mood lability, low frustration tolerance, and limited coping skills; his ability to interact with coworkers and supervisors."[4] (Doc. 22 at pp. 14-15.) Plaintiff further contends that an RFC limitation to "simple repetitive tasks" with "limited public contact" does not account for moderate limitations on attendance, need for special supervision, or the ability to tolerate stress. (*Id.* at p. 15.)

"Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or offer an explanation for why he chose not to accept them." *Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020), citing *Martin v. Comm'r of Social Security Administration*, 472 F. App'x 580 (9th Cir. 2012) (unpublished)

---

[4] The Court recognizes that Dr. Bonilla identified only mild impairments in the ability to complete a normal workday without interruptions from a psychiatric condition and in the ability to accept instructions from supervisors, whereas Dr. Stafford identified moderate limitations in these abilities. The ALJ may have intended to afford Dr. Stafford's opinion only partial weight and to reject the moderate limitations in these areas, but he did not expressly do so. The Court must take the ALJ's opinion as written. *See Harrell v. Kijakazi*, No. 1:20-CV-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it.") and *Neufeld v. Berryhill*, 2018 WL 4739699, at *6, (C.D. Cal. Sept. 30, 2018) ("Having afforded 'great weight' to the opinions of Dr. Bartell and Dr. Loomis, the ALJ was bound to either incorporate their findings as to Plaintiff's limitations or explain why she decided not to accept them."); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("But, having clearly stated that he was according Dr. Stafford's opinion great weight, the ALJ was under an obligation to account for the moderate limitations Dr. Stafford identified irrespective of the broader reasoning in support of the RFC."); *Wascovich v. Saul*, 2:18-CV-659-EFB, 2019 WL 4572084, at *4 (E.D. Cal. Sept. 20, 2019) (citing *Betts v. Colvin*, 531 F. App'x 799, 800 (9th Cir. 2013) ("where the ALJ accepts the medical assessment of moderate limitations, those limitations must be accounted for in the RFC."). "This does not necessarily mean that the ALJ was required to explicitly transcribe the limitation in the RFC. Rather, he is required to account for it in his 'translation.' " *Wascovich*, 2019 WL 4572084 at *5 (citing *Rounds v. Commissioner of Social Security Administration*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.")).

The Commissioner argues that the ALJ's RFC, which included no public contact and only occasional contact with coworkers and supervisors, accommodated the moderate limitations in Plaintiff's ability to interact appropriately with co-workers and supervisors, citing *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010).  (Doc. 24 at p. 6.)  Yet, this argument, which is specific to social functioning, fails to address Plaintiff's point that, at a minimum, the RFC failed to account for moderate limitations in Plaintiff's ability to deal with stress and changes in the workplace and in his ability to complete a normal workday without interruptions from a psychiatric condition.[5]

---

[5] The Court recognizes that Dr. Bonilla identified only mild impairments in the ability to complete a normal workday without interruptions from a psychiatric condition and in the ability to accept instructions from supervisors, whereas Dr. Stafford identified moderate limitations in these abilities.  The ALJ may have intended to afford Dr. Stafford's opinion only partial weight and to reject the moderate limitations in these areas, but he did not expressly do so.  The Court must take the ALJ's opinion as written.  *See Harrell v. Kijakazi*, No. 1:20-CV-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009)).

The Commissioner contends that the Ninth Circuit and this Court have found that "RFC assessments for simple work adequately accommodate moderate limitations in areas such as memory, concentration, persistence, pace, social interaction, adaptability, and stress tolerance – limitations exceeding the mild to moderate limitations that Dr. Stafford assessed." (Doc. 24 at p. 6.)  However, the cases relied upon by the Commissioner are older[6] and appear to ignore the weight of more recent case law that tends to refute the argument that a limitation to simple, routine tasks in the RFC adequately accounts for moderate limitations in the ability to complete a normal workday and the ability to handle stress.  *See Harrell,* 2021 WL 4429416, at *7 (E.D. Cal. Sept. 27, 2021) (explaining weight of authority from district courts in this Circuit "tends to refute the notion that a limitation to simple/routine tasks with limited public contact adequately accounts for other limitations in social interaction, maintaining attendance, completing a normal workday without interruptions from a psychiatric condition, and handling work related stressors") (collecting cases); *see also Ramirez v. Kijakazi*, No. 1:22-cv-00445-GSA, 2023 WL 4409853, at *5 (E.D. Cal. July 7, 2023) (explaining that "case law in this circuit is split but tends to favor the view that a restriction to simple/routine tasks is not a catchall and does not account for all moderate limitations"); *Macias v. Saul*, No. 1:19-cv-01187-BAM, 2021 WL 856423, at *6 (E.D. Cal. Mar. 8, 2021) (collecting cases and concluding courts have rejected argument that limitation to simple tasks in the RFC adequately accounts for moderate limitations in the ability to maintain regular attendance or complete a normal workday.); *Sahyoun v. Saul*, No. 2:18-cv-576-EFB, 2020 WL 1492661, at *4 (E.D. Cal. Mar. 27, 2020) (rejecting argument that an RFC determination that the claimant could perform work involving simple, repetitive tasks adequately captured moderate limitations in maintaining regular attendance, completing a normal workday or work week without interruption from a psychiatric condition, and handling normal work-related stress); *Berenisia Madrigal v. Saul*, No. 1:18-cv-01129-SKO, 2020 WL 58289, at *5 (E.D. Cal. Jan. 6, 2020) (finding that restriction to simple, routine tasks does not account for mental limitations in

---

[6] The Commissioner cites: *Hughes v. Colvin*, 599 F. App'x 765, 766 (9th Cir. 2015); *Messerli v. Berryhill*, No. 1:16-cv-00800-SKO, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017); *Henry v. Colvin*, No. 1:15-cv-00100-JLT, 2016 WL 164956, at *18 (E.D. Cal. Jan. 14, 2016); and *Calisti v. Colvin*, 2015 WL 7428724, at * 7 (E.D. Cal. Nov. 23, 2015). (Doc. 24 at p. 6.).

8

ability to complete a normal workday or workweek without interruptions from a psychiatric condition and the ability to deal with stress and changes encountered in the workplace); *but see Messerli v. Berryhill*, No. 1:16-cv-00800–SKO, 2017 WL 3782986, at *11 (E.D. Cal. Aug. 31, 2017) (finding limitation to "simple repetitive tasks" accounted for moderate limitations in ability to accept instructions, interact with coworkers and the public, maintain attendance, complete a normal workday/workweek without interruptions, and moderate to serious limitations in her ability to deal with work stress). Similarly, an RFC limitation to simple, routine tasks, occasional contact with supervisors and co-workers, and no contact with members of the general public has been found to fail to account for moderate impairments in the capacity to maintain regular attendance and complete a normal workweek without interruption. *See Millsap v. Kijakazi,* No. 1:22-CV-00462-SKO, 2023 WL 4534341, at *5 (E.D. Cal. July 13, 2023).

The Commissioner also argues that the ALJ's mental RFC determination is supported by the opinions of the state agency consultants, Dr. A. Garcia and Dr. Karen Ying, M.D., who, after reviewing the evidence, opined that Plaintiff could perform simple, routine tasks. (Doc. 24 at p. 7, citing AR 771, 791). This argument is not persuasive. The opinions from the state agency consultants were rendered in February 2018 and July 2018, before Dr. Stafford conducted his evaluation in 2019. AR 778, 795-96. Moreover, while the ALJ summarized these opinions, he did not assign them any weight. AR 690. In contrast, the ALJ assigned substantial weight to the opinions of Dr. Bonilla and Dr. Shepard. The ALJ was therefore required to account for their moderate limitations in the RFC or offer an explanation as to why he chose not to accept them. Because the ALJ failed to address or account for certain of Plaintiff's moderate limitations as opined by Dr. Bonilla and Dr. Stafford, the Court finds that the ALJ erred. The Court also finds that the ALJ's error was not harmless. While moderate limitations are not per se disabling, they may translate into concrete work restrictions which, when considered in connection with Plaintiff's other restrictions, may render him disabled. *See*, *e.g.*, *Corrales v. Kijakazi*, No. 1:20-CV-01646-SKO, 2022 WL 2292065, at *6 (E.D. Cal. June 24, 2022). As a result, the moderate limitations that the ALJ failed to address or account for were not inconsequential to the ultimate disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

9

1050, 1055 (9th Cir. 2006) (error harmless where mistake nonprejudicial to claimant or irrelevant to ALJ's ultimate disability conclusion).

### B. Remedy

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments concerning whether the ALJ's physical RFC assessment is supported by substantial evidence (or whether the mental RFC accounted for moderate limitations in the ability to accept instructions from supervisors). *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F.Supp.2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n.6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised.").

### **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence in the record as a whole and is not based on proper legal standards. Accordingly, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's motion for summary judgment (Doc. 22) be granted;

2. Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be granted and the agency's determination to deny benefits be reversed; and

3. The Clerk of this Court be directed to enter judgment in favor of Plaintiff Daniel James Slover and against Defendant Kilolo Kijakazi, Acting Commissioner of Social Security.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these findings and recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 23, 2023**         /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE